FILED
2010 Dec-17  AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **TOMMY SMITH,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  1:10-CV-2927-VEH** |
| | ] | |
| **TALLADEGA COLLEGE,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

This is a job discrimination case.  Pending before the court is Defendant's Motion to Dismiss the Complaint and/or Motion for a More Definite Statement (Doc. 5) (the "Motion") filed on November 22, 2010.  On December 13, 2010, Defendant filed a reply brief in support of its Motion (Doc. 10), and on December 14, 2010, Plaintiff Tommy Smith ("Mr. Smith"), who is proceeding *pro se* (*i.e.*, he is representing himself in this litigation), filed his opposition.  (Doc. 11).  For the reasons explained below, the Motion is **GRANTED** with leave for Mr. Smith to replead certain claims consistent with the  requirements of the Federal Rules of Civil Procedure.

### II.    Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed.

R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Under *Twombly*'s construction of Rule 8 . . . [a

2

plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.   Analysis

### A.   42 U.S.C. § 1988

Mr. Smith's complaint, which asserts a violation of 42 U.S.C. § 1988 in count four, is **DISMISSED**.  (Doc. 1 ¶ 15).  In particular, Defendant is correct that § 1988 allows for the recovery of "attorney's fees (not even applicable in *pro se* cases) and does not create a separate cause of action."  (Doc. 6 at 3); *see also* 42 U.S.C. § 1988 (describing "applicability of statutory and common law" and allowing for recovery of attorney's fees and expert fees to "prevailing party" in the court's discretion).

### B.   Administrative Exhaustion

Defendant also contends that several of Mr. Smith's claims are due to be dismissed because of his failure to exhaust his administrative remedies at the EEOC administrative stage.  More specifically, as Defendant succinctly explains:

Plaintiff's last amendment to Charge No. 420-2008-02621 was filed on July 17, 2008.  Plaintiff's termination occurred on or about October 21, 2008.  (Compl. ¶ 7.)  Plaintiff failed to amend his 2008 EEOC Charge to add any claim related to his termination.  Accordingly, all of Plaintiff's claims related to his termination under the ADEA, Title VII, and the ADA are barred for failure to exhaust his administrative remedies.  *Rizo*, 228 Fed. Appx. at 835; *Wilkerson*, 270 F.3d at 1317; § 2000e-5(e); § 626(d)(1); § 12117(a).

Similarly, Plaintiff's hostile work environment claim should be dismissed because his 2008 EEOC Charge did not reference any type of discrimination based on a hostile work environment.  Notwithstanding this omission, in his Complaint, Plaintiff alleges that Defendant "subjected him to a hostile work environment in violation of Title VII [and the] Age Discrimination and Employment Act." (Compl.¶ 6.)  The Eleventh Circuit has made clear that "[n]o action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely filed EEOC charge."  *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000).  "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Id.* (internal quotations and citations omitted).

(Doc. 6 at 7-8; *see also* Doc. 1 at 12 (Mr. Smith's last amendment to EEOC charge No. 420-2008-02621, dated July 17, 2008, with no allegations about the termination of his employment or his being subjected to a hostile work environment)).

Defendant's position is well-taken.  Accordingly, all of Mr. Smith's claims relating to either his termination or discrimination stemming from a purportedly hostile work environment asserted under the ADEA, Title VII, or the ADA are **DISMISSED** due to a lack of administrative exhaustion.

4

**C.**   ***Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009)**

The undersigned does not require a plaintiff to narrow his claims asserted under multiple discrimination statutes on the basis of *Gross* <u>at the pleadings stage</u>. Accordingly, that portion of Defendant's Motion is **DENIED**.

**D.   Shotgun Pleading**

Defendant additionally challenges Mr. Smith's complaint as a shotgun pleading:

> Plaintiff's Complaint--a classic example of shotgun pleading--asserts claims of 1) race discrimination under Title VII, 2) retaliation under Title VII, 3) race discrimination under 42 U.S.C. § 1988, 4) race discrimination under 42 U.S.C. § 1981, 5) an intentional violation of the ADA for failure to provide an accommodation(s), 6) retaliation against Plaintiff for failure to provide an accommodation(s), 7) disability discrimination under the ADA for failure to provide an accommodation(s), 8) intentional age discrimination in violation of the ADEA, 9) retaliation in violation of the ADEA, and 10) age discrimination in violation of the ADEA. (Compl. ¶¶ 12-21.)

(Doc. 6 at 2).

<u>The court  is concerned about the shotgun nature of the complaint filed in this lawsuit</u>. (*See generally* Doc. 1); *see also, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir.  2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.") (footnote omitted); *id.* at

980-81 ("No competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b).") (footnotes omitted); *see also* Fed. R. Civ. P. 8(a)(1)-(3) (detailing what "[a] pleading that states a claim for relief must contain").

In particular, Mr. Smith's complaint lists ten counts (Doc. 1 ¶¶ 12-21), some of which confusingly appear to include multiple claims (*see, e.g.*, Doc. 1 ¶ 17 (retaliation and "failure to provide accommodations to meet [Plaintiff's] physical limitations" under the ADA), and none of which sets forth the underlying facts that plausibly support each purported theory of liability. Additionally, "[t]he language contained in Counts 5 and 7 is essentially the same, as is the language in Counts 8 and 10." (Doc. 6 at 2).

The Eleventh Circuit has specifically instructed district courts not to let an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted).

Accordingly, **<u>with respect to only those claims that remain in this lawsuit</u>**

6

**as a result of the above rulings**,[1] Mr. Smith is **ORDERED** to refile his complaint no later than January 28, 2011.  In repleading, Mr. Smith shall not refer back to his initial pleading, but instead shall state clearly and in specific detail, in a replacement complaint, the underlying facts of each claim that he intends to assert against Defendant and **set such facts out in separately numbered sentences applicable to each particular count or claim**.  **Moreover, each count shall only cover one claim asserted by Mr. Smith pursuant to one particular statute, rather than encompassing within the same count either multiple claims under the same statute or multiple claims under multiple statutes**.  **Mr. Smith is further advised that his failure to cure his pleading deficiencies consistent with the Eleventh Circuit's pleading requirements as ordered by this court may result in the dismissal of his case without prejudice on the basis of a failure to prosecute pursuant to Fed. R. Civ. P. 41(b)**.

## IV.    Conclusion

The Motion is **GRANTED IN PART** and **DENIED IN PART** as explained

---

[1] In other words, Mr. Smith's new complaint will no longer include claims or allegations relating to discrimination stemming from his termination or from a purportedly hostile work environment under the ADEA, Title VII, or the ADA. Additionally, the new pleading will not assert discrimination pursuant to 42 U.S.C. § 1988.

above.   Further, Mr. Smith is **GRANTED** leave to replead his complaint in an unambiguous, non-shotgun fashion **no later than Friday, January 28, 2011**.

**DONE** and **ORDERED** this the 16th day of December, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge